## VACATION OF A JOINT JUDGMENT AS TO ONE OF THE DEFENDANTS.

Court of Appeals for Morrow County.

B. M. MEREDITH ET AL v. THE BUTLER MANUFACTURING COMPANY.

Decided, October 15, 1915.

*Practice—Death of One of Joint Defendants After Submission—Joint Judgment Entered Without Personal Representative Being Made a Party—Vacation of Judgment as to Decedent's Estate Ground for Vacation as to the Remaining Defendants.*

The vacation of a joint judgment as to one of the joint judgment debtors vacates it as to all, where the subject-matter of the action is such that the plaintiff could not have prosecuted several actions; and a trial court in such a case, a *prima facie* case having been tendered, should grant a vacation as to all the defendants but suspend the order pending a new trial on the merits.

*Mitchell & Bruce,* for plaintiffs in error.
*J. M. Schooler* and *Harlan & Wood,* contra.

HOUCK, J.

This is a proceeding in error prosecuted from the Common Pleas Court of Morrow County, Ohio.

The plaintiffs in error have filed in this court a supplemental petition in error, alleging that since the trial of this cause in the common pleas court, and since the same was partly heard in this court, the plaintiffs in error, Sarah J. Huntington, as administratrix of the estate of R. N. McMahon, deceased, filed their petition in the Common Pleas Court of Morrow County, Ohio, asking for a vacation of and suspension of a judgment formerly made and entered by said court in said proceedings below, and for leave to file answer therein, for the reasons set forth, and upon the grounds stated therein.

The common pleas court refused to grant the relief prayed for, but entered a judgment affirming the former judgment of

the court therein, save and except as to R. N. McMahon, and as to the judgment against him enjoined the plaintiff below from issuing an execution against or in any way attempting to collect said judgment, or any part thereof, from the estate of the said R. N. McMahon, deceased.

Plaintiffs in error claim that there is error in the record and proceedings in said common pleas court, in said supplemental proceedings, to their prejudice, in the following particulars, to-wit:

1.  In refusing to vacate the judgment against all the plaintiffs in error, the defendants below.

2.  After vacating the judgment against McMahon, the court's refusal to suspend the judgment against all of the defendants below, and set the cause down for trial.

3.  The court's refusal to permit the plaintiffs in error, the defendants below, to file an answer which contained two new and additional defenses.

4.  The modification of the original judgment without a trial.

Upon these grounds the plaintiffs in error seek a reversal of the judgment below.

The original action out of which this proceeding arises was commenced in the Common Pleas Court of Morrow County, Ohio, in December, 1909, by the defendant in error, the Butler Manufacturing Company against the plaintiffs in error, A. E. Bell, R. N. McMahon, since deceased, and others.

The issue was duly made, jury waived, and the cause was tried to the court, and judgment rendered against the defendants below for $2,650, with interest. A motion for a new trial was filed, heard and overruled, and error was prosecuted to this court, the petition in error alleging that after said cause was tried and submitted, R. N. McMahon, one of the defendants in said suit, died on or about the 4th day of November, 1912, and before judgment was entered; that no suggestion of the death of said R. N. McMahon was made in said court, and no personal or legal representative of said decedent was made a party to said action, but said case was tried and a joint judgment rendered against said R. N. McMahon and the other defendants in said cause,

after the death of said McMahon, and without his legal or personal representative being made a party defendant therein.

The petition in error came on for hearing in this court at the June term, 1913, and the above alleged error not appearing in the record, this court was without jurisdiction to hear and determine the same, and the cause was continued to give plaintiffs in error an opportunity to proceed under the provisions of Section 11631 of the General Code, or other similar provisions, to obtain their remedy.

This case is an important one, relating to questions of practice that are of vital importance to the bench and bar.

From an examination of the record we find that the original suit upon which this proceeding is based was founded upon a joint contract, and the judgment rendered therein in the trial below was a joint judgment, and therefore the only question presented to this court for determination is: Does the vacating of a joint judgment against one defendant and joint judgment debtor vacate it as to all?

Section 11631 of the General Code, provides:

"The common pleas court, or the circuit court, may vacate or modify its own judgment or order, after the term at which it was made:     *     *     *

"(6)   For the death of one of the parties before judgment in the action."

Under this section, and Sections 11636 and 11637 of the General Code, the successive steps required to vacate a judgment after term are as follows:

"1.   An application filed in the original case, stating the ground of vacation and the defense, upon which summons shall issue, and no further pleading is required.

"2.   Hearing on the application.

"3.   If ground for vacation is found to exist, and a valid defense is averred in the application, the judgment shall be vacated, but the lien of the original judgment saved by suspending the order of vacation pending trial on the merits.

"4.   A pleading setting up a defense, and a trial upon the issues made, as if no judgment had been rendered.

"5. The rendering of a judgment which shall either restore the old judgment or extinguish it, as the facts found on the trial demand."

In determining whether there is error in this record it is proper to inquire as to whether or not the plaintiff in the original action below could have maintained a separate action on the contract against each of the obligors, had they elected so to do, or was their sole remedy on the contract against them jointly?

There can be little doubt that the cases wherein it is proper to render a several judgment against one or more of the defendants in the suit, thereby leaving the cause to proceed against the others, are limited, as a general rule, to certain actions. The difficulty, however, is in determining whether these cases wherein such judgment is forbidden includes actions on joint and several contracts, on which the plaintiff might have elected to prosecute several actions. Some courts have held that they are confined to actions on joint contracts, when the plaintiff had no election as to the joinder of defendants, and therefore was compelled to bring a joint suit, and that his only remedy was such; others have held the contrary to be the rule.

We think that Section 11584 of the General Code will materially aid us in the proper determination of the question before us. The section provides:

"In an action against several defendants the court may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

A fair construction of this statute, with the facts presented in this case, and applying thereto what seems to us to be the rule of law applicable to the same, should aid us in reaching a proper conclusion. A court in its discretion may render a judgment against one or more of the defendants, leaving the action to proceed against others, whenever it appears that the plaintiff might have demanded a several judgment on the contract if he had elected to sue the defendants separately. On the other hand, if the subject-matter of the action is such that the plaintiff

could not have prosecuted several actions, then and in that event his only remedy would be to demand a joint judgment, in a joint action, and in such case he can not have a several judgment against any of the defendants until the liability of each and all of the defendants has been determined upon final trial of all the issues in the case.

In the case at bar the vacating of the judgment against one of the plaintiffs in error, the defendants below, thereby vacated it as to all. This being so, and ground for vacation having been found to exist, and a *prima facie* defense having been tendered by the plaintiffs in error, the defendants below, the judgment as to all of them should have been vacated, and the order of vacation suspended pending a trial on the merits.

The judgment is reversed, and cause remanded to common pleas court for a new trial.

SHIELDS, J., and FERNEDING, J. (sitting in place of Powell, J.), concur.